UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| SHAMONT SAPP, | : Case No. 1:25-cv-507 |
| Plaintiff, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| STANLEY M. CHESLEY | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION[1]

Shamont Sapp, a federal prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil action in this Court against his former attorney. This matter is before the undersigned for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned **RECOMMENDS** this action be **DISMISSED**.

**I.     Initial Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

2

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.     Summary of the Complaint**

Plaintiff Shamont Sapp is currently incarcerated at the Federal Correctional Institution (FCI), Jesup in Jesup, Georgia. He brings this civil action against his former civil attorney, Stanley M. Chesley, for defamation of character, fraud, and breach of an oral contract. Chesley is the sole Defendant.

This case began nearly twenty years ago. Sapp alleges that in 2006, Chesley represented him in a lawsuit filed in Covington, Kentucky, against the Roman Catholic Diocese in connection with Sapp's allegations of sexual abuse at the hands of a visiting priest. (Doc. 1, *PageID* #3). Things did not go as planned, questions about Sapp's truthfulness emerged, and in 2013, Sapp found himself pleading guilty to federal mail fraud charges in Portland, Oregon, in connection with his various allegations against the Diocese. (*Id.* at 3-5). Now, Sapp alleges Chesley destroyed his reputation and credibility when, during the pendency of the civil case, he accused Sapp of lying about the abuse. Sapp blames Chesley not only for losing the civil case, but also for Sapp's 2013 indictment and guilty plea in the mail fraud case. (*Id.* at 4-6).

As relief, Sapp seeks compensatory damages in the amount of $25,000,000, and punitive damages in the amount of $50,000,00. (Doc. 1, at PAGEID # 7).

3

**III. Discussion**

Sapp's Complaint is somewhat difficult to decipher, and it is not readily apparent how he seeks to invoke this Court's jurisdiction. "Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). And "federal courts have an ongoing 'duty to consider their subject matter jurisdiction . . . and may raise the issue *sua sponte*.'" *Howard v. Good Samaritan Hospital*, No. 1:21cv160, 2022 WL 92462, *2 (S.D. Ohio Jan. 10, 2022) (quoting *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted)).

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Braun v. Wilson*, No. 2:18cv399, 2018 WL 2412327, *2 (S.D. Ohio May 29, 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006)). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" federal law or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Sapp used a standard complaint form for actions arising under 28 U.S.C. § 1331 (federal-question), but he has written the words "diversity of jurisdiction" near the case caption. (Doc. 1, *PageID* #1). The Civil Cover Sheet is equally unclear because that form states the claims are brought pursuant to "1983 civil rights diversity." (Doc. 7, *PageID* #48).

4

To the extent Sapp brings his claims against Chesley under 42 U.S.C. § 1983, the Complaint should be dismissed. To state a claim under § 1983, a plaintiff must plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Community School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). Sapp fails on both accounts, as he has not alleged the deprivation of a federal right, and he has not alleged facts suggesting that Chesley, a private citizen, is a state actor subject to suit under § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). *See also Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of law within the meaning of § 1983.") (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).

But it also appears Sapp is attempting to invoke the Court's diversity jurisdiction to hear his state-law claims of defamation, fraud, and breach of an oral contract. (Doc. 1, *PageID* #5 (alleging "most events took place in Ohio where Defendant lives. Plaintiff is incarcerated and is in Georgia, was in South Carolina [in] 2006 and Pennsylvania [in] 2012.")). For purposes of this initial review, the undersigned will assume the Court can properly assert diversity jurisdiction, because Sapp has alleged that he and Chesley reside in different states,[2] and he seeks relief in excess of $75,000. 28 U.S.C. § 1332(a). Even so, Sapp's Complaint should still be dismissed, because it appears his claims are either time barred or insufficiently pled.

---

[2] "There is a rebuttable presumption that a prisoner retains his former domicile after incarceration," rather than acquiring a new domicile when he is incarcerated in a different state. *Cornell v. Fox News Network*, No. 1:19-cv-698, 2020 WL 4530598, at *1 (S.D. Ohio Aug. 6, 2020), *report and recommendation adopted*, No. 1:19-cv-00698, 2020 WL 5640053 (S.D. Ohio Sept. 22, 2020 (quoting *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001)).

5

The undersigned recognizes that the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the United States Supreme Court stated in *Jones v. Bock*, 549 U.S. 199 (2007), that "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Id*. at 215. *See also Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (stating that a district court may *sua sponte* raise a statute-of-limitation issue when the defense is apparent on the face of the pleading) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Castillo v. Grogan*, 52 F. App'x. 750, 751 (6th Cir. 2002) (stating that "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate") (citing *Pino*, 49 F.3d at 53-54); *Bell v. Rowe*, 178 F.3d 1293 (6th Cir. 1999) (Table) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law and therefore may be dismissed as frivolous under § 1915(e).") (citation omitted).

A district court sitting in diversity must apply the law of the forum state in determining statute of limitations questions. *See, e.g.*, *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996). Here, that is Ohio. The crux of Sapp's Complaint pertains to Chesley's alleged defamation of him regarding his truthfulness. Under Ohio law, defamation claims are subject to a one-year statute of limitations.[3] *See* Ohio Rev. Code § 2305.11(A); *Niederst v. Minuteman Capital, LLC*, No. 1:23-cv-117, 2024 WL 3522413, at *10 (N.D. Ohio July 24, 2024) (citing *Friedler v. Equitable Life Assurance Soc'y of the United States*, 86 F. App'x 50, 53 (6th Cir. 2003)). And for defamation claims, "[t]he statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's

---

[3] The statute of limitations for a defamation action in Kentucky is also one year. *See McIlwain v. Berry*, No. 3:23cv130, 2025 WL 2200747, *10 (W.D. Ky. Aug. 1, 2025).

6

knowledge of them." *Friedler*, 86 F. App'x at 53 (quoting *Sabouri v. Ohio Dep't of Job & Family Servs.*, 145 Ohio App. 3d 651 (Ohio App. 10 Dist. 2001)) (internal quotation omitted). Ohio courts have refused to adopt a "continuing publication rule" for defamation claims. *See Krowiak v. BWXT Nuclear Operations Grp., Inc.*, No. 1:18cv629, 2018 WL 5312463 (N.D. Ohio Oct. 25, 2018) (collecting cases); *see also Gentile v. City of Solon*, No. 1:12-CV-1657, 2013 WL 123621, at *3 (N.D. Ohio Jan. 9, 2013) ("Ohio courts have consistently refused to apply any proposed continuing defamation rule, instead opting to apply the 'first publication' rule.").

Although the Complaint lacks important details, Sapp alleges that Chesley's defamatory statements about Sapp being a liar caused him to lose the 2006 civil case, and "got [him] indicted for mail fraud in Portland, Oregon" in 2013. (Doc. 1, *PageID* #4). In what appears to be a tolling argument, Sapp alleges that he recently became aware of a 2018 case involving Chesley – *McGirr v. Rehme*, 891 F.3d 603 (6th Cir. 2018) – which provides evidence that Chesley "lied" and "cheated." (Doc. 1, *PageID* #4). Sapp states that he did not learn of the *McGirr* case until 2024 "and this suit follows to try and redeem my reputation . . . ." (*Id*. at 5). But the fact that Sapp recently discovered a different case involving Chesley does not change when his own cause of action accrued, which was, at the latest, by sometime in 2013, approximately twelve years ago.

The Complaint also alleges fraud and breach of an oral contract, although little to no facts are alleged to support these theories of relief. Nevertheless, the statute of limitations for fraud in Ohio is four years. *Alkuda v. McDonald Hopkins Co., L.P.A.*, No. 1:24-cv-1103, 2025 WL 843403, at *3 (N.D. Ohio Mar. 18, 2025) (citing Ohio Revised Code § 2305.09; § 5810.05(C)); *see also White v. Barrington Golf Club*, No. 5:22-cv-130, 2023 WL 4133979, at *6 (N.D. Ohio June 22, 2023) (discussing statute of limitations under Ohio law for breach of fiduciary duty and fraud). Breach of an oral contract is four years. O.R.C. § 2305.07. And the statute of limitations

7

for a legal malpractice claim is one year after the cause of action accrues. O.R.C. § 2305.11(A); *see also Cales v. Theisen Brock, LPA*, No. 2:23cv2997, 2025 WL 961499 (S.D. Ohio Mar. 31, 2025). The general rule in Ohio is that "'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.'" *Weidman v. Hildebrant*, 178 Ohio St.3d 3, 9-11 (2024) (quoting *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165 (2002)).

Sapp seems to argue that Chesley sabotaged his civil case sometime between 2006 and 2013 because "greed kicked in" and Chesley wanted to "boost the left-over funds to be used as fees for his firm and him." (Doc. 1, *PageID* #3). This allegation is insufficient to plausibly allege that a fraud occurred, and in any event, the events surrounding the resolution of Sapp's 2006 civil case occurred well outside the applicable four-year statute of limitations to bring a claim for fraud.

Finally, Sapp claims Chesley breached an oral contract, and he appears to support this claim with an allegation that in 2024, "Chesley told me he would help to clear my name and help me receive the compensation I was to receive in the Covington, Kentucky Diocese class action."[4] (Doc. 1, *PageID* #s 5-6). Although the undersigned must construe the Complaint in the light most favorable to Sapp, the claim must still be supported by factual allegations such that it is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But here, such an inference would be unreasonable because the Complaint does not include sufficient factual allegations suggesting that an oral contract existed between the parties, or that it was somehow breached by Chesley. Accordingly, the undersigned **RECOMMENDS** that Sapp's breach of contract claim be **DISMISSED**.

---

[4] In 2014, Sapp brought a different breach of contract action against Chesley in the United States District Court for the Eastern District of Kentucky, which he voluntarily dismissed. *See Sapp v. Chesley*, No. 2:14cv45 (E.D. Ky.)

**IV. Conclusion**

The undersigned **RECOMMENDS** dismissal of Plaintiff's Complaint in its entirety for the following reasons:

1. The Complaint does not state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 because Sapp has not alleged facts suggesting that Chesley, his former civil attorney, was a state actor.

2. Sapp's defamation and fraud claims are barred by the applicable statute of limitations.

3. Sapp has not plausibly alleged the existence or breach of any oral contract.

September 3, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).