UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAMONT SAPP,

      Plaintiff,

                                  Case No. 1:25-cv-507
      v.

STANLEY M. CHESLEY,            JUDGE DOUGLAS R. COLE
                             Magistrate Judge Silvain

      Defendant.

## OPINION AND ORDER

In his September 3, 2025, Report and Recommendation (R&R, Doc. 9, #64), Magistrate Judge Silvain screened Plaintiff Shamont Sapp's Complaint under § 1915(e) and recommends the Court dismiss this action for failure to state a claim. Sapp objected, but that "objection" did not challenge the R&R directly. (Objection, Doc. 12). Rather, he asked to amend his complaint to address the flaws the R&R identifies. (*Id.* at #69). While that R&R and objection remained pending, Sapp also learned that Defendant Stanley M. Chesley had passed away last year. So, Sapp filed a Motion to Amend Caption (Doc. 13) to substitute Chesley's estate as the defendant. For the reasons stated more fully below, the Court **OVERRULES** Sapp's Objections (Doc. 12), **ADOPTS** the R&R's conclusions, and so **DISMISSES** the Complaint (Doc. 1) **WITH PREJUDICE**. And because this matter is dismissed, the Court **DENIES** Sapp's Motion to Amend Caption (Doc. 13) as **MOOT**.

## BACKGROUND

Sapp is currently incarcerated at a Federal Correctional Institution in West Virginia. (Doc. 13, #75). In this action, he is suing his former civil attorney from

nearly 20 years ago, Stanley M. Chesley. (Doc. 9, #58). According to Sapp, in 2006, Chesley represented him in a lawsuit against the Roman Catholic Diocese based on Sapp's allegations of sexual abuse at the hands of a visiting priest. (*Id.*). That lawsuit was unsuccessful, to say the least. Questions about Sapp's truthfulness emerged, and in 2013, Sapp pleaded guilty to federal mail fraud charges in Portland, Oregon, in connection with his allegations against the Diocese. (*Id.*). Sapp blames Chesley for both the failure of the original suit and for his later incarceration. (*Id.*). Specifically, he alleges that, in 2006, Chesley destroyed Sapp's reputation and credibility by accusing him of lying about the abuse. (*Id.*).

Based on that set of facts, Sapp now brings claims for defamation, fraud, and breach of oral contract against Chesley. (Doc. 1, #7). He seeks $25,000,000 in compensatory damages and $50,000,000 in punitive damages. (*Id.*).

Because Sapp, a federal prisoner, filed this case pro se, the matter was referred under this Court's General Order 22-05 to a Magistrate Judge for initial handling. On September 3, 2025, Magistrate Judge Silvain, invoking the Court's screening authority under 28 U.S.C. § 1915(e), issued his R&R recommending that the Court dismiss Sapp's Complaint because Sapp failed to state a claim. (Doc. 9, #64).

The R&R's analysis began by attempting to decipher how Sapp seeks to invoke this Court's limited jurisdiction. (*Id.* at #59). While Sapp used a standard complaint form for actions arising under federal question jurisdiction, *see* 28 U.S.C. § 1331, he wrote the words "diversity of jurisdiction" near the case caption, and also included a mysterious reference to "1983 civil rights diversity" on the cover sheet. (*Id.*). Given

2

the ambiguous manner in which Sapp invoked jurisdiction, the Magistrate Judge elected to explore that issue more fully. He first found that to the extent Sapp asserts any claims under 42 U.S.C. § 1983, they fail because Chesley is not a state actor. (*Id.* at #60). So, Sapp did not have any federal claim on which to base federal question jurisdiction. But the Magistrate Judge found that diversity jurisdiction existed, *see* 28 U.S.C. § 1332(a), because, at the time of filing, Sapp and Chesley were citizens of different states (as noted above, Chesley has since passed away). (*Id.*).

But the Magistrate Judge concluded that the existence of jurisdiction did not save Sapp's Complaint. (*Id.*). That is because, applying the law of the forum state (Ohio), the Magistrate Judge found Sapp's defamation and fraud claims time barred. (*Id.* at #61–62). The statute of limitations for defamation is one year, while for fraud it is four years. (*Id.*). But under the allegations in the Complaint, those two claims accrued here, at the latest, sometime in 2013. (*Id.*).

By contrast, the R&R concludes that Sapp's breach of oral contract claim is not time barred, as it appears to stem from conduct occurring in 2024. (*Id.* at #63). But Sapp only makes one factual allegation regarding that claim: "Chesley told me he would help to clear my name and help me receive the compensation I was to receive in the Covington, Kentucky Diocese class action." (*Id.* (citing Doc. 1, #5–6)). And that statement, according to the Magistrate Judge, is insufficient for the Court to reasonably draw the necessary inference that Chesley is liable for the misconduct alleged. (*Id.*). So, the R&R recommends dismissing all claims. (*Id.* at #64).

The R&R also advised Sapp that he had fourteen days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #65 (citing *Thomas v. Arn*, 474 U.S. 140 (1985))); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections). Accordingly, Sapp needed to object by September 17, 2025. After asking for an extension, (Doc. 10), which was granted, (Doc. 11), he did so, (Doc. 12).

However, instead of objecting to the R&R's reasoning, Sapp asks the Court for leave to amend his Complaint. (Doc. 12). In that motion, Sapp explains that he "wish[es] to cancel the fraud and defamation claims," states that he is bringing suit under "§ 1331(a) diversity jurisdiction,"[1] not § 1983, and asks the Court for leave to file an amended complaint. (*Id.* at #69). The attached proposed amended complaint asserts only the breach of oral contract claim, supported by some additional allegations. (Doc. 12-1). There, Sapp explains that "around March and June 2024," he contacted Chesley about "how he felt let down, duped, cheated, [and] robbed by a thief who was supposed to be his lawyer." (*Id.* at #72). In response, he alleges that Chesley offered him $450,000 and agreed to contact the Covington Diocese to correct the lie that Chesley had allegedly told in 2006—i.e., Chesley would inform the Diocese that Chesley was wrong in 2006 when he told them that the individual who Sapp claims

---

[1] Diversity jurisdiction is set out in 28 U.S.C. § 133**2**(a), not § 1331(a). Section 1331(a) describes federal question jurisdiction. But as Sapp is proceeding pro se, and there is no federal question here, the Court construes him as asserting diversity jurisdiction under § 1332(a).

"had sex with" him at the Diocese did not exist. (*Id.* at #70, 72). But Sapp alleges that Chesley did not honor that agreement and instead "ignored" him. (*Id.* at #72–73). Sapp followed up by sending letters to Chesley's wife, who is a federal judge. (*Id.*). That led to the U.S. Marshals interviewing Sapp, where Sapp told them about the alleged oral contract, as well as his plans to write a "tell it all" book. (*Id.* at #73). Sapp further claims that he agreed to sell the rights to that book to Chesley for $250,000. (*Id.*).

While the R&R and Sapp's request to file a new complaint remained pending, Sapp learned that Stanley M. Chesley passed away in 2025. So, Sapp also filed a Motion to Amend Caption (Doc. 13) to substitute Chesley's estate as the defendant. The Court now addresses the R&R and Sapp's proposed amendment, as well as his motion to amend the caption.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Beyond that, because Sapp is proceeding pro se and in forma pauperis, some additional standards come into play. First, Congress has authorized courts to sua sponte dismiss IFP complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To overcome that hurdle, a plaintiff must allege "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). While a "plausible" claim for relief does not require a showing of probable liability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That means the complaint must allege sufficient facts, taken as true, to allow the Court to "draw the reasonable inference that the defendant is liable." *Id.* And a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). In deciding whether the plaintiff has met that standard, though, a pro se plaintiff's complaint must be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

### LAW AND ANALYSIS

The Court first evaluates what Sapp labels as Objections (Doc. 12), but which is in fact a motion for leave to file an amended complaint. Ultimately, the Court finds

that the proposed amended complaint fails to state a claim and thus cannot survive screening. So, the Court denies Sapp's motion for leave to amend on futility grounds. And because Sapp had no other objections to the R&R, the Court then reviews that R&R for clear error. Finding none, the Court adopts it in its entirety, dismissing the Complaint. Finally, the Court denies Sapp's Motion to Amend Caption as moot.

**A.      Sapp's Proposed Amended Complaint Fails to State a Claim.**

Normally, a party may amend its pleading once as a matter of course within 21 days of serving. Fed. R. Civ. P. 15(a)(1). Here, Chesley has not been served, so that clock has not yet started. But that does not end the inquiry. That is because Congress has authorized sua sponte dismissal of in forma pauperis complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). So, in evaluating Sapp's motion for leave, the Court asks, as it did with the initial Complaint, whether the proposed amendment could withstand a Rule 12(b)(6) motion. Ultimately, the Court finds that it could not. That is because the proposed amended complaint's breach of contract claim fails as a matter of law.

Sapp appears to claim that he had two separate agreements with Chesley, which Chesley then refused to honor. First, Sapp alleges that after contacting Chesley in 2024, Chesley offered to make things right by paying Sapp $450,000 and contacting the Diocese to inform them that Sapp was not in fact lying in 2006. (*Id.* at #72). Sapp says Chesley never did either. (*Id.*). But that does not a contract make. "A valid contract must be supported by consideration." *Traton News, LLC v. Traton Corp.*, 914 F. Supp. 2d 901, 910 (S.D. Ohio 2012) (citation omitted). Sapp alleges no act,

forbearance, or return promise that *he* offered in exchange for Chesley's alleged promises. *Id.* (citing *Black's Law Dictionary* (8th ed. 2004)). So, there is no contract, and thus no possible breach of contract as to this first alleged agreement.

Second, Sapp appears to claim that Chesley bought the rights to his planned tell-all book for $250,000. (*Id.* at #73). But that claim fails because Sapp does not allege *how* Chesley breached that agreement. And even assuming that there was an agreement and the breach was Chesley failing to pay (which Sapp does not plead), a contract for a transfer of copyright ownership must be "in writing and signed by the owner of th[ose] rights." 17 U.S.C. § 204(a). Sapp points to no such instrument here.

Accordingly, because his proposed amended complaint could not survive screening, the Court denies Sapp leave to file it.

### B.       The Court Adopts the R&R in its Entirety, Dismissing the Complaint.

That leaves the Court to consider the R&R on Sapp's original Complaint. Because Sapp offers no substantive objections to the R&R itself, the Court reviews it for clear error.[2] And, having reviewed the R&R, the Court finds none.

The Court agrees that Sapp's fraud and defamation claims are time barred and subject to dismissal. (Doc. 9, #61–62). The R&R correctly states the statute of limitations for those claims—one and four years—and when those claims accrued (sometime before 2013). (*Id.*). And so it did not clearly err in finding Sapp's suit to be years late. Indeed, Sapp's defamation and fraud accusations trace back to events that

---

[2] Indeed, in his proposed amended complaint, Sapp seeks to abandon the defamation and fraud claims he raised in his original complaint. (*See* Doc. 12, #69).

8

happened twenty years ago. And the R&R likewise did not clearly err in finding Sapp's tolling argument—that he was prompted to sue when he found out (in 2024) about Chesley's unsavory representation of clients in an unrelated 2018 case, *see McGirr v. Rehme*, 891 F.3d 603 (6th Cir. 2018)—unavailing.[3] (*See* Doc. 9, #62).

Likewise, the Court finds no clear error in the R&R's recommendation that the Court dismiss Sapp's breach of contract claim for failing to allege sufficient facts under *Twombly* and *Iqbal*. In fact, the Court considered that claim with the benefit of the additional allegations in the proposed amended complaint and still found the claim wanting.

As the Court finds no clear error in the recommendation to dismiss Sapp's Complaint (Doc. 1), the Court adopts the R&R in full and dismisses the Complaint. And because that terminates the matter, the Court denies Sapp's Motion to Amend Caption (Doc. 13) as moot.

One last wrinkle though—the Magistrate Judge did not recommend whether the dismissal should be with or without prejudice. Here, because Sapp has already attempted to amend his Complaint to address the concerns that the Magistrate Judge raised, but fell short for the reasons set forth above, the Court concludes that dismissal with prejudice is appropriate.

---

[3] Sapp's defamation and fraud claims (and any other claim stemming from the 2006 representation) may also be barred by res judicata. It appears that Sapp sued Chesley in 2014 on similar claims. (*See* Compl., *Sapp v. Chesley*, No. 2:14-cv-45 (E.D. Ky. March 10, 2014), Doc. 2). And while that case was dismissed on Sapp's request, the judge did so with prejudice. (*See* Order, No. 2:14-cv-45 (E.D. Ky. June 13, 2014), Doc. 14).

## CONCLUSION

For the reasons above, the Court **OVERRULES** Sapp's Objections (Doc. 12). Accordingly, the Court **ADOPTS** the R&R (Doc. 9) in its entirety, **DISMISSING** the Complaint (Doc. 1) and the entire matter, **WITH PREJUDICE**. Because that terminates this matter, the Court **DENIES** Sapp's Motion to Amend Caption (Doc. 13) as **MOOT**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

  **SO ORDERED.**

May 26, 2026
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**